UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DESHAWN TYE, ) | CASE NO. 1:17 CV 2199 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| MEDICAL DEPARTMENT, CUYAHOGA ) | AND ORDER |
| COUNTY CORRECTIONAL CENTER, ) | |
| et al., ) | |
| Defendants. ) | |

On October 18, 2017, Plaintiff *pro se* Deshawn Tye, an inmate at the Cuyahoga County Jail, filed the above-captioned action under 42 U.S.C. § 1983 against Defendants Medical Department of the Cuyahoga County Correctional Center, Metro Health Systems, Marcus Harris, Dr. Koblentz, and Lori True. Plaintiff alleges in the Complaint that he sought medical assistance from jail personnel for mental problems and was prescribed Prozak. He suffered side effects and was prescribed different medicines. Plaintiff believes these new medicines are also causing side effects, and alleges he was not advised of possible side effects before medicines were prescribed. He seeks damages of $250,000.00.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

Even construing the Complaint liberally, Plaintiff fails to state a valid claim for relief. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate Eighth Amendment protections. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825. 837. Mere negligence will not suffice. *Id.* at 835-36. Consequently, allegations of medical malpractice, negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Plaintiff's allegations do not describe conduct indicating a degree of culpability greater than negligence.

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 2/7/18